ABNER LEITCH, Appellant, v. EDMON CAMPBELL,
Appellee.

APPEAL FROM EDGAR.

An award of arbitrators arising out of a suit before a justice of the peace, will
not be set aside, because the arbitrators did not see the account filed with the
justice; or because they allowed proof of a delivery of articles beyond what
was stated therein, such proofs having been made to countervail an unexpected
claim for a payment for articles previously delivered.

THIS was a suit originally brought by Campbell against
Leitch, on an account, before a justice of the peace, who
rendered a judgment in behalf of the defendant below for
costs, from which judgment Campbell appealed to the Cir-
cuit Court.

On trial being had in the Circuit Court, resulting in favor
of plaintiff, and a new trial awarded, the case was afterwards,
by an agreement made an order of court, referred to three
arbitrators, viz. : Michael O'Hair, C. B. McAnnally, and S. H.
Elliott, who awarded that Leitch should pay to Campbell the
sum of $31.24 and all costs.

Upon the filing of said award, the defendant excepted to
the same for the following reasons : the arbitrators made a
mistake in making their award, as to the amount found to be
due from the defendant to the plaintiff; and the arbitrators,
in making their award, allowed the plaintiff for a greater
number of bushels of corn than was claimed by the plaintiff
in his account filed in the case.

The defendant introduced *Silas H. Elliott* as a witness,
who testified that he was one of the arbitrators to whom
this case was submitted, and who joined in making the
award ; that he heard the evidence in the case when tried be-
fore the arbitrators ; that in making their award, they found
that the plaintiff had delivered the defendant about two hun-
dred and sixteen bushels of corn, or nine loads, of twenty-four
bushels to each load, at thirty-three and one-third cents per
bushel, and they allowed the defendant a credit of forty dol-
lars, which was proved or admitted before the arbitrators to
have been paid by the defendant to the plaintiff; that the
evidence as to the amount of corn which was delivered by the
plaintiff to the defendant varied, some witnesses stating that
there were eight wagon loads delivered, and some nine, and
the quantity of bushels to the load being variously estimated
at eighteen, twenty and twenty-four bushels. The witness
did not recollect that he saw any account on the trial before

the arbitrators, and did not think any of the papers in the case were shown to the arbitrators.

*Sheridan P. Read,* another witness then introduced by defendant, testified that he had been counsel for defendant, Leitch, in this case from its commencement; that the account which is now filed with the papers was the only account which had ever been filed in the case, so far as he knew, which account, then shown to the court, is in the following words and figures:

" ABNER LEITCH,

Bo't of EDMON CAMPBELL,

March, 1857, 160 Bu. Corn, 33⅓c...... .....................$53.33."

Witness further testified that the account is in the handwriting of Charles Summers, who was the plaintiff's counsel when the suit was first brought before the magistrate, and thinks that it is the original account filed in the case. At the time of the trial before the arbitrators, the papers in the case were there, and witness thinks he had them open, and, as he left the room before the trial was concluded, he laid them on the table near which the arbitrators were sitting, but does not know whether their attention was called to them or not.

The court overruled the defendant's exceptions to the award, and rendered judgment on the same, for the sum of $31.24 and all the costs; the defendant then and there excepting to the decision of the court in overruling said exceptions to the award and rendering said judgment.

The defendant assigns for error, the overruling by the court below of the exceptions to the award, and the judgment of the court below upon said award.

SHERIDAN P. READ, for Appellant.

JOHN SCHOLFIELD, for Appellee.

CATON, C. J. This action was brought before a justice of the peace, whence it was appealed to the Circuit Court, where it was referred to arbitrators, who reported to the court that there was due to the plaintiff thirty-one dollars and twenty-four cents. The defendant moved to set aside the report, upon the ground that the arbitrators had allowed the plaintiff for more corn than he had claimed in the account filed with the justice, when he commenced his action. The account filed, was for one hundred and sixty bushels of corn, at thirty-three and one-third cents per bushel, amounting to fifty-three dollars and thirty-three

cents. One of the arbitrators states, that they allowed the plaintiff for two hundred and sixteen bushels of corn, at thirty-three and one-third cents per bushel, and charged him with forty dollars, paid by the defendant, leaving the balance due as stated in the report. That their attention was never called to, nor did they see the account filed before the justice. Under such circumstances, we are by no means prepared to say, that the award of the arbitrators should have been set aside, if it clearly appeared that they had allowed the plaintiff more than the amount of his account filed before the justice. If the defendant desired the arbitrators to be influenced in their decision by the account, he should have brought it to their attention. But in this case they did not exceed the claim filed. The award was more than twenty dollars less than the amount of the plaintiff's account. True, he proved the delivery of more corn than was charged in the account, but this he was obliged to do, in order to meet the forty dollar payment proved by the defendant. The corn paid for by the forty dollars, had no ear marks by which he could show that it was not the corn charged in the account, and there was no possible way of doing that, but by showing that he had delivered more corn than he had charged in that account. When the whole evidence was considered, instead of showing that the plaintiff had not charged for enough corn to sustain the award, it showed that he had charged for more than was actually due him, and hence the arbitrators cut down the account by more than twenty dollars. The judgment must be affirmed.

*Judgment affirmed.*